*Auto-Owners Insurance, a/s/o Ruth Grussing and Delton Grussing v. Stanley Black & Decker, Inc., LG Chem Ltd., and Menard, Inc.*

**Exhibit 1 to Notice of Removal to Federal Court Based on Diversity Jurisdiction**

STATE OF MINNESOTA                                          IN DISTRICT COURT

COUNTY OF POPE                                              EIGHTH JUDICIAL DISTRICT

                                                            Case Type: Product Liability

Auto-Owners Insurance,                                      Judge: _____
a/s/o Ruth Grussing and Delton Grussing,                    Case No.: _____

                        Plaintiff,

v.

Stanley Black & Decker, Inc., LG Chem Ltd.,
and Menard, Inc.

                        Defendants.

## SUMMONS

THIS SUMMONS IS DIRECTED TO THE ABOVE-NAMED DEFENDANTS.

**1. YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

**2. YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at:

> Blethen Berens
> 100 Warren Street, Suite 400
> Mankato, MN  56001

**3. YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything

{B1320043.1}                                  1

asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

      **5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

      **6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated this 11th day of February, 2022.    BLETHEN BERENS

                                              /s/ Benjamin D. McAninch
                                              Benjamin D. McAninch, I.D. #0390675
                                              Jacob T. Sherlock, I.D. #0396882
                                              Attorneys for Plaintiff
                                              100 Warren Street, Suite 400
                                              Mankato, MN  56001
                                              Telephone:  (507) 345-1166
                                              Our File No. 12133.266
                                              BMcAninch@blethenberens.com
                                              JSherlock@blethenberens.com

| | |
|---|---|
| STATE OF MINNESOTA | IN DISTRICT COURT |
| COUNTY OF POPE | EIGHTH JUDICIAL DISTRICT |
| | Case Type: Product Liability |
| Auto-Owners Insurance,<br>a/s/o Ruth Grussing and Delton Grussing, | Judge: _____<br>Case No.: _____ |
| Plaintiff, | |
| v. | |
| Stanley Black & Decker, Inc., LG Chem Ltd., and Menard, Inc. | |
| Defendants. | |

## COMPLAINT

Plaintiff, for its cause of action against Stanley Black & Decker, Inc. ("Defendant Black & Decker"), LG Chem Ltd., ("Defendant LG Chem"), and Defendant Menard, Inc. ("Defendant Menards") (Defendant Black & Decker, Defendant LG Chem, and Defendant Menards collectively "Defendants") states and alleges as follows:

### PARTIES, JURISIDICTION AND VENUE

1. Plaintiff Auto-Owners Insurance a/s/o Ruth Grussing and Delton Grussing ("Plaintiff") is a subsidiary of Auto-Owners Insurance Group, a Michigan company, with its principal office at 6101 Anacapri Blvd., Lansing, MI 48917.

2. Upon information and belief, Defendant Black & Decker is a business corporation incorporated under the laws of the state of Connecticut that is registered to do business in the state of Minnesota, with a Minnesota registered office address of 2345 Rice Street, Suite 230, Roseville, MN 55113.

{B1308955.1}   1

3. Upon information and belief, Defendant LG Chem is a foreign business corporation, incorporated under the laws of the nation of South Korea, with a principal place of business at LG Twin Towers 128, Yeoui-daero, Yeongdeungpo-gu, Seoul, -4674, Republic of Korea.

4. Upon information and belief, Defendant Menards is a business corporation incorporated under the laws of the state of Wisconsin that is registered to do business in the state of Minnesota, with a Minnesota registered office address of 2345 Rice Street, Suite 230, Roseville, MN 55113.

5. Upon information and belief, this matter involves the failure of a Black & Decker 20V lithium ion battery pack (the "Pack") manufactured by Defendant Black & Decker, incorporating battery cells manufactured by Defendant LG Chem (a "Cell" or the "Cells"), and that was sold by Defendant Menards (the Pack and the Cells are collectively the "Battery") that caused a fire at the residence of Plaintiff's insureds, Ruth and Delton Grussing (the "Insureds"), located at 28258 S. Shore Dr., Starbuck, MN 56381 (the "Home") on or about July 19, 2019 (the "Date of Loss").

6. Upon information and belief, the Insureds purchased the Battery within the state of Minnesota.

7. Given the foregoing, venue is proper in this jurisdiction pursuant to Minn. Stat. §§ 542.09 and 543.19, subd. 1(2)

## FACTUAL BACKGROUND

8. The Home is a two-story, wood framed, single residential dwelling that was in good condition and well maintained at all times material to this action.

9. At all times material, the Insureds owned and resided in the Home.

10. Upon information and belief, Insureds purchased a Black & Decker weed-whip (the "Weed Whip") from Defendant Menards' Alexandria, MN store located at 215 50th Ave. W., Alexandria, MN 56308 ("Menards Alexandria") approximately three-weeks prior to the Date of Loss.

11. Upon information and belief, the Battery and the charger for the Battery (the "Charger") were packaged and included with the Weed Whip at the time of purchase.

12. Upon information and belief, Insured Delton Grussing used the Weed Whip from approximately 12:00 p.m. – 1:00 p.m. on the Date of Loss. After finishing the weed-whipping, Grussing put the Battery into the Charger.

13. The Charger was plugged into a power-strip located in the northeast corner of the garage at the Home (the "Garage").

14. At approximately 5:30 p.m. on the evening of the Loss Date, the Insureds left the Home to visit a local bar/restaurant for dinner. At approximately 7:30 p.m. as they were leaving the bar/restaurant, the Insureds received a call from a neighbor advising them that the Garage and Home were on fire.

15. Upon information and belief, the Insureds did not make any alterations to the Battery or the Charger, and no alterations were noted during later examination of the Battery and the Charger.

16. As a result of the fire, the Home suffered severe damage.

17. Upon information and belief, the fire originated in the northeast corner of the Garage where the Charger and Battery were located.

{B1308955.1}   3

18. Fire investigators and engineers for Plaintiff completed visual only site examinations on July 23 and 25, 2019. A joint site examination occurred on September 4, 2019. A lab examination of the artifacts recovered from the site examinations occurred on March 3-4, 2020.

19. The examinations confirmed the Charger and docked Battery were in the northeast corner of the Garage at the time of the fire and were plugged in and energized.

20. Examination of the artifacts recovered from the scene confirmed that the cause of the fire was the failure of an LG Chem Cell contained in the Black and Decker Pack.

21. Expert review of the LG Chem Cell used in the Pack for the Battery determined that the electrode in the Cell folded onto itself, forming a dense by-product in the Cell. Upon information and belief, the event that caused the Cell to fail was the penetration of active material through the battery separator.

22. Upon information and belief, no party to the examinations noted any evidence that the Insureds had altered the Battery or Charger in any way.

23. Upon information and belief, based on the results of the artifact examination the most probable cause of the loss is a defect in the LG Chem Cell used in the Black and Decker Pack.

24. As a result of the fire, the Home and Garage suffered severe damage, and the Insureds were displaced from the Home for months while the Home was being remediated and repaired.

25. Plaintiff, as subrogee of the Insureds, suffered damages in an amount to be proven at trial, but exceeding $50,000.00.

## COUNT I: STRICT PRODUCTS LIABILITY – DEFECTIVE MANUFACTURE

26. Plaintiff restates and alleges the previous paragraphs as if fully set forth herein.

27. Defendant Black & Decker is in the business of manufacturing electric power equipment and battery packs, including the Weed Whip, Charger, and battery Pack at issue in this action.

28. Defendant LG Chem is in the business of manufacturing battery cells for battery packs utilized by electric power equipment, including the Cells used in the Pack for the Battery at issue in this action.

29. Defendant Menards is in the business of selling electric power equipment and battery packs, including the Weed Whip, Charger, and Battery at issue in this action.

30. Defendant Black & Decker manufactured the Weed Whip, Charger, and battery Pack, Defendant LG Chem manufactured the Cells used in the Pack for the Battery, and Defendant Menards sold the Weed Whip, Charger, and Battery to the Insureds in late June or early July, 2019.

31. The Insureds are persons who may reasonably be expected to be affected by the Battery as the Insureds purchased the Battery and stored the Battery in the Home.

32. Upon information and belief, a defect existed in a Cell manufactured by Defendant LG Chem and used in the Pack manufactured by Defendant Black & Decker and sold by Defendant Menards, and such defect was present at the time the Insureds purchased the Battery from Defendant Menards, and therefore the defect was present at the time the Battery left the Defendants' control.

33. Expert review of the LG Chem Cell used in the Pack for the Battery determined that the electrode in the Cell folded onto itself, forming a dense by-product in the Cell. Upon information and belief, the event that caused the Cell to fail was the penetration of active material through the battery separator.

34. Upon information and belief, the defect in the Battery caused an ignition event that subsequently spread to other combustibles within the Garage and the Home.

35. Upon information and belief, the defect rendered the Battery unreasonably dangerous to an ordinary user and the property of an ordinary user, as an ordinary user, with knowledge common to an average user of the Battery's characteristics and common use, could not have anticipated the danger created by the Battery, as the defect was internal to an individual battery Cell located within the Pack.

36. Upon information and belief, the defect in the Battery was caused by the way it was manufactured or assembled.

37. As a direct and proximate result of the defect in the Cell manufactured by Defendant LG Chem and used in the Pack manufactured by Defendant Black & Decker and sold by Defendant Menards, the Insureds were injured as the Home and the Garage suffered severe damage, and the Insureds further suffered additional damages as a consequence of the fire, including Insureds' living costs during the time they was displaced from the Home during the restoration and remediation process, all in an amount to be proven at trial but exceeding $50,000.00, and Plaintiff is subrogated to the rights of the Insureds.

## COUNT II: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

38. Plaintiff restates and alleges the previous paragraphs as if fully set forth herein.

39. Defendant Black & Decker is in the business of manufacturing electric power equipment and battery packs, including the Weed Whip, Charger, and battery Pack at issue in this action.

40. Defendant LG Chem is in the business of manufacturing battery cells for battery packs utilized by electric power equipment, including the Cells for the Battery at issue in this action.

41. Defendant Menards is in the business of selling electric power equipment and battery packs, including the Weed Whip, Charger, and Battery at issue in this action.

42. Defendant Black & Decker manufactured the Weed Whip, Charger, and battery Pack, Defendant LG Chem manufactured the Cells used in the Pack for the Battery, and Defendant Menards sold the Weed Whip, Charger, and Battery to the Insureds in late June or early July, 2019.

43. The Insureds are persons who may reasonably be expected to be affected by the Battery as the Insureds purchased the Battery and stored the Battery in the Home.

44. Upon information and belief, a defect existed in the Battery due to the defective design of the Battery, and such defect was present at the time the Insureds purchased the Battery from Defendant Menards, and therefore the defect was present at the time the Battery left the Defendants' control.

45. Expert review of the LG Chem Cell used in the Pack for the Battery determined that the electrode in the Cell folded onto itself, forming a dense by-product in

the Cell. Upon information and belief, the event that caused the Cell to fail was the penetration of active material through the battery separator.

46. Upon information and belief, the defective design of the Battery caused an ignition event that subsequently spread to other combustibles within the Garage and the Home.

47. Upon information and belief, the defect was present due the defective design of the Battery, and the defective design rendered the Battery unreasonably dangerous to users of the Battery when the Battery was used as intended, or in a way that the manufacturer or seller could reasonably have anticipated.

48. Upon information and belief, as a direct and proximate result of the defective design of the Battery, the Insureds were injured as the Home and the Garage suffered severe damage, and the Insureds further suffered additional damages as a consequence of the fire, including Insureds' living costs during the time they was displaced from the Home during the restoration and remediation process, all in an amount to be proven at trial but exceeding $50,000.00, and Plaintiff is subrogated to the rights of the Insureds.

## COUNT III: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

49. Plaintiff restates and alleges the previous paragraphs as if fully set forth herein.

50. Defendant Black & Decker is in the business of manufacturing electric power equipment and battery packs, including the Weed Whip, Charger, and battery Pack at issue in this action.

51. Defendant LG Chem is in the business of manufacturing battery cells for battery packs utilized by electric power equipment, including the Cells used in the Pack for the Battery at issue in this action.

52. Defendant Menards is in the business of selling electric power equipment and battery packs, including the Weed Whip, Charger, and Battery at issue in this action.

53. Defendant Black & Decker manufactured the Weed Whip, Charger, and battery Pack, Defendant LG Chem manufactured the Cells used in the Pack for the Battery, and Defendant Menards sold the Weed Whip, Charger, and Battery to the Insureds in late June or early July, 2019.

54. The Insureds are persons who may reasonably be expected to be affected by the Battery as the Insureds purchased the Battery and stored the Battery in the Home.

55. Upon information and belief, a defect existed in the Battery due to the failure to adequately warn that the Battery could combust while being charged in the Charger, and such defect was present at the time the Insureds purchased the Battery from Defendant Menards, and therefore the defect was present at the time the Battery left the Defendants' control.

56. Upon information and belief, the Battery caused an ignition event while being charged in the Charger that subsequently spread to other combustibles within the Garage and the Home.

57. Upon information and belief, the Defendants had a duty to adequately warn the Insureds as the fact that the Battery could combust while being charged in the Charger was not observable to the Insureds, and the Insureds relied on the duty of Defendants to provide adequate warnings.

58. Upon information and belief, the failure to adequately warn that the Battery could combust while being charged in the Charger rendered the Battery unreasonably dangerous to users of the Battery when the Battery was used as intended, or in a way that the manufacturer or seller could reasonably have anticipated.

59. Upon information and belief, as a direct and proximate result of the Defendants' failure to adequately warn the Insureds of the dangers associated with charging the Battery in the Charger, the Insureds were injured as the Battery combusted in the Charger causing a fire in the Garage that spread to the Home, the Home and the Garage suffered severe damage, and the Insureds further suffered additional damages as a consequence of the fire, including Insureds' living costs during the time they was displaced from the Home during the restoration and remediation process, all in an amount to be proven at trial but exceeding $50,000.00, and Plaintiff is subrogated to the rights of the Insureds.

## COUNT IV: BREACH OF WARRANTIES (EXPRESS AND IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR PARTICULAR PURPOSE)

60. Plaintiff restates and alleges the previous paragraphs as if fully set forth herein.

61. Defendant Black & Decker, Defendant LG Chem, and Defendant Menards knew or had reason to know the particular purposes for which the Battery was required and would be used, and that purchasers and users of the Battery would rely on the Defendants' skill or judgment in assembling, manufacturing, equipping, marketing, distributing, selling, and supplying goods suitable for such purposes and uses.

62. Expert review of the LG Chem Cell used in the Pack for the Battery determined that the electrode in the Cell folded onto itself, forming a dense by-product in the Cell. Upon information and belief, the event that caused the Cell to fail was the penetration of active material through the battery separator.

63. Upon information and belief, the defect in the Battery caused an ignition event that subsequently spread to other combustibles within the Garage and the Home.

64. The Battery was not fit for the ordinary or particular purposes for which it was intended and for which it was used.

65. Defendants' warranties extend to any person who may reasonably be expected to be affected by the goods, and the Insureds are such persons, as the Insureds purchased the Battery and stored the Battery in the Home.

66. Upon information and belief, as a direct and proximate result of the Defendants' breach of express and implied warranties, the Insureds were injured as the Home and the Garage suffered severe fire and smoke damage, and the Insureds further suffered additional damages as a consequence of the fire, including Insureds' living costs during the time they was displaced from the Home during the restoration and remediation process, all in an amount to be proven at trial but exceeding $50,000.00, and Plaintiff is subrogated to the rights of the Insureds.

## COUNT V: COMMON LAW NEGLIGENCE

67. Plaintiff restates and alleges the previous paragraphs as if fully set forth herein.

68. Defendant Black & Decker is in the business of manufacturing electric power equipment and battery packs, including the Weed Whip, Charger, and Battery at issue in this action.

69. Defendant LG Chem is in the business of manufacturing battery cells for battery packs utilized by electric power equipment, including the Cells for the Battery at issue in this action.

70. Defendant Menards is in the business of selling electric power equipment and battery packs, including the Weed Whip, Charger, and Battery at issue in this action.

71. Defendant Black & Decker manufactured the Weed Whip, Charger, and battery Pack, Defendant LG Chem manufactured the Cells used in the Pack for the Battery, and Defendant Menards sold the Weed Whip, Charger, and Battery to the Insureds in late June or early July, 2019.

72. Upon information and belief, a defect existed in the Cell manufactured by Defendant LG Chem and used in the Pack manufactured by Defendant Black & Decker and sold by Defendant Menards, and such defect was present at the time the Insureds purchased the Battery from Defendant Menards, and therefore the defect was present at the time the Battery left the Defendants' control.

73. Expert review of the LG Chem Cell used in the Pack for the Battery determined that the electrode in the Cell folded onto itself, forming a dense by-product in the Cell. Upon information and belief, the event that caused the Cell to fail was the penetration of active material through the battery separator.

74. Upon information and belief, the defect in the Battery caused an ignition event that subsequently spread to other combustibles within the Garage and the Home.

75. Defendant Black & Decker, Defendant LG Chem, and Defendant Menards negligently designed, tested, assembled, manufactured, equipped, marketed, distributed, sold, and supplied the Battery in that they failed to exercise reasonable care to prevent the Battery and its components from creating an unreasonable risk of harm to a person who might reasonably be expected to use it in an expected or reasonably foreseeable manner.

76. Defendants had a duty to design, test, assemble, manufacture, and sell batteries, such as the subject Battery, that would not fail and ignite while being charged.

77. Defendants had a duty to design, test, assemble, manufacture and sell batteries that would not subject users to unreasonable risks of danger or injury.

78. The Insureds are persons who may reasonably be expected to be affected by the Battery as the Insureds purchased the Battery and stored the Battery in the Home.

79. Defendants owed a duty to the Insureds, as persons who may reasonably be expected to be affected the Battery, to provide a Battery that was free of defects and safe for use.

80. Defendants breached the duty owed to the Insureds by providing a Battery that was defective, with such defect in the LG Chem Cell used in the Pack for the Battery causing the electrode in the Cell to fold onto itself, forming a dense by-product in the Cell and causing the penetration of active material through the battery separator, causing an ignition event that subsequently spread to other combustibles within the Garage and the Home.

81. The resulting damages to the Insureds are the direct and proximate result of the negligence of Defendants in the design, testing, assembly, manufacture, equipment,

marketing, and sale of the defective Battery, and the failure to timely discover the defective nature of the Battery.

82. Upon information and belief, as a direct and proximate result of the Defendants' negligence, the Insureds were injured as the Home and the Garage suffered severe damage, and the Insureds further suffered additional damages as a consequence of the fire, including Insureds' living costs during the time they was displaced from the Home during the restoration and remediation process, all in an amount to be proven at trial but exceeding $50,000.00, and Plaintiff is subrogated to the rights of the Insureds.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1. For judgment against the Defendants, jointly and severally, in an amount to be proven at trial but exceeding $50,000.00.

2. For all costs and disbursements herein, including attorney's fees; and

3. For such other and further relief the Court deems equitable.

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. §549.211, to the party against whom the allegations in this pleading are asserted.

Dated this 11th day of February, 2022.	BLETHEN BERENS

/s/ Benjamin D. McAninch
Benjamin D. McAninch, I.D. #0390675
Jacob T. Sherlock, I.D. #0396882
Attorneys for Plaintiff
100 Warren Street, Suite 400
Mankato, MN 56001
Telephone: (507) 345-1166
Our File No. 12133.266
BMcAninch@blethenberens.com
JSherlock@blethenberens.com